[S. F. No. 20475.   In Bank.   Jan. 24, 1961.]

RICHFIELD OIL CORPORATION (a Corporation), Petitioner, v. PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

Mervyn W. Phelan, Ball, Hunt & Hart, Joseph A. Ball and Clark Heggeness for Petitioner.

William M. Bennett, Chief Counsel, Roderick B. Cassidy, Assistant Chief Counsel, Mary Moran Pajalich, Senior Counsel, Reginald L. Vaughan, Joseph R. Rensch, Milford Springer, William P. Gray and Herman F. Selvin for Respondents.

Charles A. Rummel and William L. Knecht as Amici Curiae on behalf of Respondents.

TRAYNOR, J.—In this proceeding Richfield Oil Corporation attacks an order of the Public Utilities Commission directing it to cease and desist from constructing a pipeline to connect with its Mandalay pipeline, the operation of which we considered in *Richfield Oil Corp.* v. *Public Util. Com.*, 54 Cal.2d 419 [6 Cal.Rptr. 548, 354 P.2d 4], cert. den., *Southern Counties Gas Co.* v. *Public Utilities Com.*, 364 U.S. 900 [81 S.Ct. 233, 5 L.Ed.2d 193].

In the first Richfield case we annulled orders of the commission that determined that Richfield was a public utility gas corporation and directed it to cease and desist from delivering gas to Edison's Mandalay steam-electric generating plant through a 20-inch pipeline from Richfield's Cuyama Valley and San Joaquin Valley oil and gas fields. We held that the commission had attempted to regulate and prohibit Richfield's nonpublic utility activities and that Richfield's service to Edison was such a nonpublic utility activity.

While that case was pending in this court, Richfield started construction of the pipeline involved in this case. It is a 6-inch pipeline 8 miles long from Richfield's Rincon Island field to its Mandalay line, and Richfield proposed to use it to substitute Rincon gas *pro tanto* for valley gas in its service to Edison. On the complaint of Southern Counties Gas Company, the commission ordered Richfield to cease and desist from constructing the new Rincon pipeline. It found that both the Mandalay line and the new Rincon line were gas plants (Pub. Util. Code, § 221), that the Rincon line was an extension of the Mandalay line, and that Richfield was required to secure a certificate of public convenience and necessity to construct the Rincon line (Pub. Util. Code, § 1001).

The commission's determination that Richfield is subject to its jurisdiction in this case is based on essentially the same facts it relied on in making its prior orders. Some additional evidence was introduced by Richfield, however, in an attempt to overcome any inference of dedication that might be drawn from the evidence in the prior record. It consisted of evidence of Richfield's disposition of its gas after its contract with Pacific Lighting terminated; its sale of the wells from which it had sold gas to Pacific Gas and Electric Company; its sale of gas to a gas utility to supply gas to its company town in Cuyama Valley; the sale of gas from a field in which Richfield has an interest by an operating oil company to a gas utility; and testimony of Travers, Richfield's vice-president, explaining his prior testimony. Southern Counties and the commission

contend that this evidence supports the commission rather than Richfield.

█  This additional evidence may be relevant to the question left open in the first Richfield case, namely, whether Richfield has dedicated its gas reserves for peaking purposes to the extent that it had supplied such service in the past, and to a question not heretofore raised, whether Richfield has dedicated a small fraction of its reserves to serving its company town. This evidence has no bearing, however, on our conclusion that Richfield's service to Edison through its Mandalay line is a nonpublic utility service. Richfield's service to Edison is a new service supported by additional recently acquired reserves that Richfield has not dedicated to peaking services or for service to its company town, and "it did not dedicate such reserves by agreeing to sell gas to Edison, for that sale was made to a selected customer and like service was denied to others." (*Richfield Oil Corp.* v. *Public Util. Com.*, 54 Cal.2d 419, 439 [6 Cal.Rptr. 548, 354 P.2d 4].) Accordingly, our decision in the first Richfield case is controlling here.

The order is annulled.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.